UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20274-CIV-SEITZ/O'SULLIVAN

MIGUEL PENATE CHINEA,
RICHAR CALDERIN REMEDIOS and
all others similarly situated under 29
U.S.C. § 216(B)

    Plaintiffs,

vs.

THE UNITED DRYWALL GROUP, LLC,
FRANK A. SCIULLO JR. and
SAM SCIULLO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Enforce Settlement Agreement and for Future Fees (DE# 66, 4/20/10). This matter was referred to the undersigned by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). See Order of Reference (DE# 67, 4/21/10). Having reviewed the applicable filings and the law and having held a hearing on May 26, 2010, the undersigned respectfully recommends that Plaintiffs' Motion to Enforce Settlement Agreement and for Future Fees (DE# 66, 4/20/10) be **GRANTED in part and DENIED in part** in accordance with this report and recommendation.

## BACKGROUND

On April 20, 2010, the plaintiffs filed Plaintiffs' Motion to Enforce Settlement Agreement and for Future Fees (DE# 66). On April 22, 2010, the undersigned issued an Order (DE# 68) setting a hearing on the instant motion. The Order (DE# 58), required the parties to be present at the May 26, 2010 hearing. Id. On May 17, 2010, the defendants

filed their response to the instant motion. See Defendants' Response to Plaintiffs' Motion to Enforce Settlement Agreement and for Future Fees (DE# 70, 5/17/10). On May 26, 2010, the undersigned held a hearing on the instant motion. Despite the undersigned's prior Order (DE# 68) and the defendants' counsel's representation that he had notified his clients about the hearing, the defendants failed to appear at the May 26, 2010 hearing.

## STANDARD OF REVIEW

A settlement agreement is a contract and its construction as well as its enforcement are governed by principles of Florida's general contract law. Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." BP Products North America, Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) (citation omitted).

## ANALYSIS[1]

On April 13, 2010, the parties agreed to settle the instant case for $300,000 in the form of a consent judgment. Following the settlement, counsel for the parties contacted Judge Seitz's Chambers and communicated the terms of the settlement agreement. Counsel advised Judge Seitz that a proposed consent judgment would be submitted shortly. The plaintiffs sent a proposed consent judgment to the defendants' counsel to be executed by the defendants. On April 20, 2010, counsel for the defendants advised the plaintiffs' counsel that his clients had not signed the proposed consent judgment and that they were seeking the advice of another attorney. To date, the defendants have not signed the proposed consent judgment. At the May 26, 2010 hearing, the defendants' counsel advised the undersigned that he believed he had authority to enter into the settlement agreement on

---

[1] The defendants' counsel does not dispute the facts alleged by the plaintiffs.

behalf of the defendants.

The undersigned finds that the plaintiffs have met their burden of showing that the defendants assented to the terms of the settlement agreement. Accordingly, the Court should enter a consent judgment in the amount of $300,000 in favor of the plaintiffs and against the defendants, jointly and severally.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends that the Plaintiff's Motion to Enforce Settlement Agreement and for Future Fees (DE# 66, 4/20/10) be **GRANTED in part and DENIED in part** and that the Court enter a judgment in the amount of $300,000 in favor of the plaintiffs and against the defendants, jointly and severally. The undersigned finds that the plaintiff's request for an Order regarding future fees is premature.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **27th** day of May, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Seitz
All counsel of record